# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

CHAD FARLEY, *et al.*,        )
                               )
       *Plaintiffs*,          )
                               )      Case No. 3:26-cv-105
v.                          )
                             )      Judge Atchley
CARDINAL FINANCE COMPANY   )
LIMITED PARTNERSHIP, *et al.*,    )      Magistrate Judge Poplin
                             )
       *Defendants*.         )
                             )

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Defendant Cardinal Finance Company Limited Partnership's ("Cardinal Finance") Motion to Dismiss the Amended Complaint [Doc. 42] and Defendant Mackie Wolf Zientz & Mann, P.C.'s ("MWZM") Rule 21 Motion to Drop MWZM as a Party [Doc. 44]. The pro se Plaintiffs did not file a response to the motions and did not respond to the Court's Order to Show Cause advising that failure to respond would result in the dismissal of their claims. [Doc. 45]. The time to do so has now expired. *See* E.D. Tenn. L.R. 7.1(a)(2).

Plaintiff's failure to respond to Defendants' Motion to Dismiss is interpreted by this Court as a waiver of opposition to the Motion. *See* E.D. Tenn. L.R. 7.2. Local Rule 7.2 provides that "[f]ailure to respond to a motion may be deemed a waiver of any opposition to the relief sought." When a plaintiff fails to respond, "the district court *may* deem the plaintiff to have waived opposition to the motion." *Scott v. State of Tenn.*, 878 F.2d 382, 1989 WL 72470, at *2 (6th Cir. 1989) (emphasis added); *see Humphrey v. U.S. Attorney Gen.'s Off.*, 279 F. App'x 328, 331 (6th Cir. 2008). However, the Sixth Circuit has determined that a district court abuses its discretion when it "dismiss[es] [a] complaint solely for [a plaintiff's] failure to respond to defendants' motion

1

to dismiss." *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991). Instead, the district court should evaluate the motion to determine whether the movants have met their burden. *Id*. at 454–55. Plaintiffs further failed to respond to the Court's show cause order warning that "failure to timely file a response…will result in the dismissal of this action based on the Motion to Dismiss." [Doc. 45 at 2]. For this reason alone, the Court would be justified in dismissing Plaintiffs' claims for failure to prosecute under Federal Rule of Civil Procedure 41. However, out of an abundance of caution and considering the Sixth Circuit's prior instruction in *Carver*, the Court will consider Defendants' motions on the merits.

## I.    BACKGROUND

This action arises out of a dispute concerning real property located at 212 Victoria Lane, Lancing, Tennessee (the "Property"). Pro se Plaintiff Chad Farley acquired the Property in January 2017, and in September 2018, he and Jessica Farley (collectively, the "Farleys") obtained a mortgage loan from Cardinal Finance, which was evidenced by a promissory note and secured by a deed of trust (the "Deed of Trust") encumbering the Property. [Doc. 32 at ¶¶ 1, 14–15]. The Farleys subsequently executed a consent lien on the Property to benefit pro se Plaintiff Connie Reguli, a former attorney who was recently permanently disbarred from the practice of law by the Tennessee Supreme Court[1] on October 28, 2021. [*Id.* at ¶¶ 3, 20].

In December 2022, the Farley's entered into a loan modification agreement with Cardinal Finance under which they obtained a second mortgage loan secured by a partial claim deed of trust in favor of former Defendant Aspen Title and Escrow as nominee for the Secretary of Veterans Affairs. [*Id.* at ¶¶ 21–22].  Plaintiffs allege that Cardinal Finance mishandled the loan modification documents by not providing them to the Farleys and updating them in their records. [*Id.* at ¶ 22].

---

[1] *See Reguli v. Bd. of Pro. Resp. of the Sup. Ct. of Tenn.*, No. M2024-00153-SC-R3-BP, 2026 Tenn. LEXIS 231 (2026).

In 2023, Cardinal Finance initiated foreclosure proceedings against the Property, including the appointment of MWZM as substitute trustee under the Deed of Trust. [*Id.* at ¶¶ 23–24].

To avoid foreclosure, the Farleys filed a bankruptcy petition, arguing that Cardinal Finance had not corrected its records to show that the loan modification had brought the loan current. [*Id.*]. The bankruptcy case was dismissed in January 2024, and Cardinal Finance continued its foreclosure process. [*Id.*]. During the foreclosure process, Plaintiffs allege disputes concerning insurance proceeds issued after the Property was damaged. [*Id.* at ¶¶ 25–26]. In February 2025, Cardinal Finance filed a foreclosure action in state court, which it voluntarily dismissed in December 2025. [*Id.* at ¶ 27]. Cardinal serviced the loan until approximately August 2025, when servicing transferred to former Defendant Plant Home Lending, LLC. [*Id.* at ¶ 29]. Plaintiffs allege that Cardinal Finance failed to provide Planet Home Lending, LLC with sufficient information to properly service the loan. [*Id.*]

On February 6, 2026, Plaintiffs filed a Complaint in the Chancery Court of Morgan County, Tennessee against Defendants asserting various causes of action. [Doc. 1-1]. This matter was subsequently removed to this Court by Cardinal Finance on March 11, 2026. [Doc. 1]. Plaintiffs, after seeking leave from the Court, filed their Amended Complaint on May 8, 2026, asserting the following causes of action: (1) Breach of Contract, (2) Conversion, (3) Violation of Tennessee Consumer Protection Act, (4) Violation of Americans with Disabilities Act, (5) Real Estate Settlement Procedures Act and Regulation X Servicing Violations, (6) Recission / Reformation (Equitable Relief), (7) Civil Conspiracy, and (8) Declaratory Judgment / Quiet Title and Protection of Consent Lien. [Doc. 32]. Defendant Planet Home Lending, LLC and Defendant Aspen Title & Escrow, LLC have since been dismissed from this action. [*See* Docs. 18, 34]. Now, Defendant

3

Cardinal Finance has moved to dismiss Plaintiffs' claim, while MWZM has moved to be dropped as a party in this action.

## II.     STANDARD OF REVIEW

On a motion to dismiss, the Court "must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief." *Engler v. Arnold*, 862 F.3d 571, 574-75 (6th Cir. 2017) (internal quotations omitted). "The [plaintiff's] factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). "Mere labels and conclusions are not enough; the allegations must contain 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* at 575 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Moreover, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

## III.     ANALYSIS

### 1.  *MWZM's Rule 21 Motion [Doc. 44]*

MWZM moves to be dropped as a party pursuant to Rule 21 of the Federal Rules of Civil Procedure. [Doc. 44]. It argues that Plaintiffs have sued it solely in its capacity as substitute trustee and that, because Plaintiffs failed to timely file a verified response to its verified denial, T.C.A. § 35-5-116 mandates its dismissal from this action. T.C.A. § 35-5-116(b-c) provides:

4

(b) Within thirty (30) days after the filing of the trustee's verified denial, a verified response is due from all parties to the suit or proceeding setting forth all matters, whether in law or fact, that rebut the trustee's verified denial.

(c) If a party has no objection or fails to file a timely verified response to the trustee's verified denial, the trustee shall be dismissed from the suit or proceeding without prejudice.

Here, the allegations against MWZM arise exclusively from its role as substitute trustee under the Deed of Trust. MWZM filed its verified denial on May 21, 2026. [Doc. 39]. Plaintiffs neither objected to the verified denial nor filed a verified response within the thirty-day period prescribed by T.C.A. § 35-5-116(b). MWZM must, therefore, be dismissed from this action pursuant to T.C.A. § 35-5-116(c).

Accordingly, pursuant to Rule 21, the Court finds good cause to **GRANT** MWZM's Motion. [Doc. 44]; *see* FED. R. CIV. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against any party."). Defendant Mackie Wolf Zientz & Mann, P.C. is hereby **DISMISSED**.

   *2. Cardinal Finance's Motion to Dismiss [Doc. 42]*

In its Amended Complaint, Plaintiffs have filed numerous claims against Cardinal Finance, all revolving around its handling of the loan on the Property. Cardinal Finance has moved to dismiss all of Plaintiffs' claims for various reasons. The Court will analyze each of Plaintiffs' eight claims against Cardinal Finance in turn.

   **A. <u>Count 1</u>**

Count 1 asserts a breach of contract claim against Cardinal Finance, alleging that it breached the Deed of Trust by: (1) failing to apply the insurance proceeds to the loan, (2) failing to "send proper, contract-compliant written default and acceleration notices to the Farleys' current address" to provide a meaningful opportunity to cure, and (3) failing to properly handle loss

5

mitigation applications." [Doc. 32 at ¶¶ 41–49]. In its Motion to Dismiss, Cardinal Finance argues that none of these actions breached the Deed of Trust.

As to the insurance proceeds, Plaintiffs allege that Cardinal Finance was obligated to apply the proceeds to either (a) the repair costs or (b) to the sums secured, but it did neither. [*Id.* at ¶ 45–46]. However, the Deed of Trust provides:

> 11. Assignment of Miscellaneous Proceeds. All Miscellaneous Proceeds are hereby assigned and shall be paid to Lender.
>
> If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property . . . During such repair and restoration period, *Lender shall have the right to hold such Miscellaneous Proceeds* until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction . . . Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed . . .

[Doc. 1-1 at Ex. E (emphasis added)].[2] Cardinal Finance argues it did exactly what the Deed of Trust permitted it to do: hold the proceeds until the repairs have been completed. [Doc. 42 at 15–17]. The Court agrees.

Here, the Deed of Trust explicitly states that the lender may hold the insurance proceeds until any repairs have been completed. First, as to the check for $65,000, Plaintiffs allege that the "repairs were not done." [Doc. 32 at ¶ 25]. Second, as to the check for $83,350, Plaintiffs have not alleged any facts showing that the repairs to the guest house have been completed, let alone

---

[2] Ordinarily, a court may only consider matters outside the complaint when ruling on a Rule 12(b)(6) motion to dismiss by converting the motion into one for summary judgment. *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016). That said, certain categories of evidence do not fall within this general rule. Specifically, a court may consider "any exhibits attached [to the complaint], public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein" without converting a motion to dismiss into a motion for summary judgment. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). Here, the Court is permitted to consider the Deed of Trust at this motion to dismiss stage because it is attached to the complaint and is central to the claims therein.

6

initiated.[3] [*Id.*]. Plaintiffs, therefore, have not provided any facts demonstrating nonperformance amounting to a breach of the Deed of Trust based on the alleged mishandling of the insurance proceeds. *See Tolliver v. Tellico Vill. Prop. Owners Ass'n*, 579 S.W.3d 8, 25 (Tenn. Ct. App. 2019) ("In order to make a prima facie case for a breach of contract claim, a plaintiff must allege: '(1) the existence of an enforceable contract, (2) nonperformance amounting to a breach of the contract, and (3) damages caused by the breach of the contract.'" (internal citation omitted)).

As to Plaintiffs's claim that Cardinal Finance failed to provide proper notice of the foreclosure, Plaintiffs allege that "on or about January 14, 2026, Plaintiffs saw a publication notice for a foreclosure set for February 12, 2026, however, neither Chad Farley nor Jessica Farley received written notice as required under the original mortgage agreement." [Doc. 32 at ¶ 28]. This claim fails for two independent reasons.

First, Plaintiffs allege that Cardinal Finance transferred servicing of the loan to Planet Home Lending, LLC before the January 14, 2026, foreclosure notice. [*Id.* at ¶ 29]. Thus, the Amended Complaint itself indicates that Cardinal Finance was no longer servicing the loan when Plaintiffs' notice allegations took place. Second, even assuming Cardinal Finance remained responsible for providing notice, Plaintiffs have not plausibly alleged a breach of the Deed of Trust. The Deed of Trust required the lender to send notices to "the Property Address unless Borrower has designated a substitute notice address by notice to lender." [Doc. 1-1 at PageID ## 61–62 § 15]. Plaintiffs contend Cardinal Finance should have used their Clarksville, Tennessee address

---

[3] Plaintiffs also appear to contend that the guest house does not qualify as "Property" under the Deed of Trust. [*See* Doc. 32 at ¶ 31(e)]. Even assuming that is true, the distinction does not salvage their claims. As Cardinal Finance correctly argues, Plaintiffs have not identified any provision of the Deed of Trust—or otherwise alleged facts establishing—that Cardinal Finance had a contractual or legal obligation to disburse insurance proceeds for structures not considered "Property." *See Archambeault v. Wyndham Vacation Ownership, Inc.*,No. 3:20-cv-01044, 2021 WL 6496827, at *7 n.19 (M.D. Tenn. July 14, 2021) (a plaintiff must "identify the specific term of a contract that has allegedly been breached").

because it appeared in pleadings filed in a prior state-court foreclosure action. [Doc. 32 at ¶¶ 32, 34, 48]. But merely listing a different address in separate litigation is not the same as designating a substitute notice address. *See Dooling v. James B. Nutter & Co.*, 139 F. Supp. 3d 505, 512 (D. Mass. 2015) ("The term 'designate' implies that a change of the address on record from the Roundy Property to some other location must have been done by an overt action of the borrower."). Because Plaintiffs allege no facts showing that they properly designated a new notice address in accordance with the loan documents, this claim also fails.

Finally, as to Plaintiffs' claim that Cardinal Finance breached the implied covenant of good faith and fair dealing by mishandling mitigation applications, it too fails because "absent a valid claim for breach of contract, there exists no cause of action for breach of implied covenant of good faith and fair dealing." *Gottesman v. Hecker*, No. W2025-00966-COA-R3-CV, 2026 Tenn. App. LEXIS 141, at *34 (Tenn. Ct. App. Mar. 31, 2026),

Accordingly, Plaintiffs have failed to state a plausible claim for breach of contract and Count 1 must be **DISMISSED**.

### B. <u>Count 2</u>

As an alternative cause of action, Plaintiffs assert a conversion claim, alleging that Cardinal Finance wrongfully converted the insurance proceeds by failing to release them to Plaintiffs. [Doc. 32 at ¶¶ 51–54].

As the Court has already explained, Cardinal Finance was permitted under the Deed of Trust to hold the insurance proceeds until Plaintiffs finished any repairs, which they have not alleged to have done. In any event, Tennessee courts have held that "'[a] tort action only arises when the act constituting the contract breach also constitutes a breach of a common law duty independent of the contractual relationship.'" *E Solutions for Buildings, LLC v. Knestrick Contr.,*

*Inc.*, No. M2018-02028-COA-R3-CV, 2019 Tenn. App. LEXIS 528, at *28 n.7 (Tenn. Ct. App. Oct. 30, 2019) (internal citation omitted). Plaintiffs have not alleged any facts demonstrating that Cardinal Finance breached any common law duty owed to Plaintiffs independent of the Deed of Trust.

Accordingly, Count 2 must be **DISMISSED**.

### C. Count 3

Next, Plaintiff's argue that Cardinal Finance violated the Tennessee Consumer Protection Act ("TCPA") through misrepresentations and misleading statements. [Doc. 32 at ¶¶ 55–61]. Plaintiffs' TCPA claim, however, fails for two reasons.

First, the Tennessee Supreme Court has interpreted the TCPA to apply only to actions that affect the advertising or sale of certain goods, rather than activities that occur during an established contractual relationship. *See Pursell v. First Am. Nat'l Bank*, 937 S.W.2d 838, 841–42 (Tenn. 1996) ("The actions of the Bank and its agent, even if considered to be unfair or deceptive, did not affect the 'advertising, offering for sale, lease or rental, or distribution of any goods, services, or property, tangible or intangible, real, personal, or mixed, and other articles, commodities, or things of value wherever situated.' Pursell's allegation, if taken as true, establishes only that the defendants breached an agreement to return to him his own property. Such allegations do not form the basis of an action under the Tennessee Consumer Protection Act." (quoting T.C.A. § 47-18-103(9)[4]). None of the allegations relating to Cardinal Finance in the Amended Complaint can be plausibly construed as affecting the advertising or sale of certain goods or services. *Id.* Indeed, all Plaintiffs' allegations relate to conduct during the parties' contractual relationship. Second, Plaintiffs' conclusory allegations regarding Cardinal Finance's various misrepresentations cannot

---

[4] This provision is now located at T.C.A. § 47-18-103(24), but its phrasing remains identical to when *Pursell* was decided.

support a TCPA claim. "The circumstances supporting a claim under the TCPA must also be plead with particularity." *Apollo Hair Sys. of Nashville v. Micromode Med. Ltd.*, No. M2011-01480-COA-R3-CV, 2012 Tenn. App. LEXIS 831, at \*19 (Tenn. Ct. App. 2012). Plaintiff does not point to specific conduct or misrepresentations to support their claim.

Accordingly, Count 3 must be **DISMISSED**.

### D. <u>Count 4</u>

Count 4 asserts an Americans with Disabilities Act ("ADA") claim, alleging that Cardinal Finance failed to provide Chad Farley, a disabled veteran with a hearing impairment, with reasonable accommodations during telephone calls with its representatives. [Doc. 32 at ¶¶ 62–69]. In its Motion to Dismiss, Cardinal Finance argues that the ADA does not apply because Mr. Farley does not allege any "nexus" between the alleged discrimination and any brick-and-mortar location open to the public from which it offers goods or services. [Doc. 42 at 10–11].

As Cardinal Finance notes, there is currently a circuit split on whether the ADA applies absent a connection to a physical place of public accommodation. *See, e.g.*, *Gil v. Winn Dixie Stores*, 242 F.Supp.3d 1315, 1318–20 (S.D. Fla. Mar. 15, 2017) (collecting cases and observing that the First, Second and Seventh Circuits have held that the ADA applies to websites regardless whether there is a connection with a physical space whereas the Third, Sixth, Ninth and Eleventh Circuits have concluded that, in order to state a claim, a complaint must allege a sufficient nexus between a website and a physical space). Courts within the Sixth Circuit, relying on *Parker v. Metropolitan Life Insurance Company*, 121 F.3d 1006 (6th Cir. 1997), have generally held that a plaintiff must sufficiently allege a "nexus" between the discrimination and a physical location to assert a valid ADA claim. *See Castillo v. Jo-Ann Stores, LLC*, 286 F. Supp. 3d 870, 872 (Feb. 13, 2018) (finding a nexus between an alleged discriminatory website and the defendant's physician

10

locations); *Brintley v. Belle River Cmty. Credit Union*, No. 17-13915, 2018 U.S. Dist. LEXIS 121198, at \*13 (E.D. Mich. July 20, 2018) ("In this case, the Complaint sufficiently alleges a nexus between Defendant's website and its brick-and-mortar locations.").

Although some courts have recognized ADA claims lacking a physical location in limited factual circumstances, Plaintiffs here have neither addressed that authority nor explained why this case falls within those narrow exceptions due to its failure to file a response. Here, Plaintiffs allege only that Cardinal Finance discriminated against Mr. Farley during telephone calls; they do not allege any discrimination connected to a physical place of public accommodation. Plaintiffs' ADA claim, therefore, fails.

Accordingly, Count 4 must be **DISMISSED**.

### E. Count 5

Plaintiffs' Count 5 alleges violations under the Real Estate Settlement Procedures Act ("RESPA") and Regulation X. [Doc. 32 at 70–76]. To maintain a claim under RESPA, "a plaintiff must plead actual damages as well as a causal link between the alleged RESPA violation and her injuries. Conclusory allegations of actual damages are not sufficient." *Dunn-Mason v. JP Morgan Chase Bank Nat'l Ass'n*, No. 11-13419, 2013 U.S. Dist. LEXIS 157702, at \*32 (E.D. Mich. Sept. 25, 2013) (internal citations omitted).

Here, Plaintiffs fail to specifically allege what damages arose out of Cardinal Finance's purported RESPA and Regulation X violations. Rather, Plaintiff seems to reiterate many of the allegations pertaining to other claims in their Amended Complaint without identifying how they are linked to RESPA. Plaintiff had an opportunity to respond to Cardinal Finance's arguments and explain what damages were connected to their RESPA claim but chose not to. The Court, therefore, finds that Plaintiffs' RESPA and Regulation X claims fail as a matter of law.

11

Accordingly, Count 5 must be **DISMISSED**.

### F.  <u>Counts 6 and 7</u>

In Counts 6 and 7, Plaintiffs bring a "Recission / Reformation (Equitable Relief)" claim and a "Civil Conspiracy" claim. [Doc. 32 at ¶¶ 77–83]. These claims fail, however, because they are not actionable claims. First, "recission is not a cause of action, but a remedy." *Jones v. BAC Home Loans Servicing, LP*, No. W2016-00717-COA-R3-CV, 2017 Tenn. App. LEXIS 464, at *35 (Tenn. Ct. App. July 12, 2017). Second, under Tennessee law, "civil conspiracy is not itself a cause of action." *3D Tech. Grp., LLC v. Martinez*, No. 3:23-cv-01278, 2025 U.S. Dist. LEXIS 162591, at *24 n.19 (M.D. Tenn. Aug. 21, 2025) (internal citation omitted). A claim for civil conspiracy "requires an underling predicate tort allegedly committed pursuant to the conspiracy." *Id.* (internal citation and quotations omitted). Here, as the Court has explained above, Plaintiff has not alleged any viable underlying predicate tort for their civil conspiracy claim to attach. And, even if they did, Plaintiffs' brief and conclusory allegations would be insufficient to support such a claim. *See Hagen v. U-Haul Co.*, 613 F. Supp. 2d 986, 996–97 (W.D. Tenn. Jan. 28, 2009).

Accordingly, Counts 6 and 7 must be **DISMISSED**.

### G.  <u>Count 8</u>

Plaintiffs' last and final cause of action alleges a quiet title and protection of consent lien claim. [Doc. 32 at ¶¶ 84–93]. Specifically, Plaintiff Reguli requests the Court to declare the validity of her consent lien on the property through a quiet-title action so that she may protect her rights in any foreclosure proceedings. [*Id.*]. The problem with Ms. Reguli's claim is that Tennessee is a "title theory" state, which means that "[w]hen a borrower obtains a mortgage loan to buy [property], the lender, the holder of the note, has title to the property." *Thompson v. Bank of Am., N.A.*, 773 F.3d 741, 750 (6th Cir. 2014). Therefore, "[u]ntil the note is satisfied, the holder of the

note has superior title to the property." *Id.* at 751. Here, Ms. Reguli does not allege that she has paid the loan balance on the property and is not entitled to quiet-title relief. Moreover, even if the Court recognized her consent lien as valid, she would only be a junior lien holder. And, under Tennessee law, "a junior lien holder[] has no rights." *Third Nat'l Bank v. McCord*, 688 S.W.2d 446, 448 (Tenn. Ct. App. 1985).

Accordingly, Count 8 must be **DISMISSED**.

## IV. CONCLUSION

For the reasons stated above, Defendant Cardinal Finance's Motion to Dismiss the Amended Complaint [Doc. 42] and MWZM's Rule 21 Motion [Doc. 44] are **GRANTED**, and Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

**SO ORDERED.**

/s/ *Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**

13